IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HUGO FIGUEROA,**

      **Plaintiff,**

      v.                                          **CASE NO. 24-3197-JWL**

**KANSAS DEPARTMENT
OF CORRECTIONS,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  On November 12, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 4).  The Court's screening standards are set forth in the MOSC.

Plaintiff alleges that he was sentenced to twelve months of incarceration and did not receive all of his jail credit toward his sentence.  (Doc. 1, at 2.)  Plaintiff alleges that he filed a motion while incarcerated, which was granted by the judge.  Plaintiff attaches the April 15, 2015 Order Nunc Pro Tunc to his Complaint.  (Doc. 1–1, at 1.)  The order awards Plaintiff jail credit in Case No. 2013-CR-000495 from 6/27/2014 to 7/29/2014.  *Id*.  The order reflects that Plaintiff's defense counsel approved the order.  *Id*.

Plaintiff seeks compensation for the 33 days that he was held wrongfully.  (Doc. 1, at 2–3.)  Plaintiff states that he was sentenced in Case No. 2013-CR-000495 on June 3, 2014, and his

1

motion was granted on April 16, 2015.  *Id*. at 3.  Plaintiff names the Kansas Department of Corrections ("KDOC") as the sole defendant and seeks $66,000 in damages.

The Court held in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff's Complaint was filed on November 8, 2024.  Plaintiff alleges that he overserved his sentence in 2016 when he did not receive his 33 days of jail credit.  The KDOC's Kansas Adult Supervised Population Electronic Repository ("KASPER") shows that Plaintiff was released from custody on August 12, 2016.[1]  It thus appears that any events or acts of Defendant taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  The Court found in the MOSC that Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling, and ordered Plaintiff to show good cause why his Complaint should not be dismissed as barred by the applicable statute of limitations.

The Court also noted in the MOSC that even if Plaintiff's claims were not untimely, he names an improper defendant.  Plaintiff names the KDOC as the sole defendant.  "A party's capacity to sue or be sued in federal court is determined by state law."  *Sims v. Kansas Dep't of Corr.*, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) (citation omitted).  "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued."  *Id*. (citation omitted).  "The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued."  *Id*. (citing K.S.A. § 75-5203).  Furthermore,

---

[1] *See* https://kdocrepository.doc.ks.gov/kasper/ (last accessed Nov. 8, 2024).

as an agency of the State, the KDOC has absolute immunity under the Eleventh Amendment to a suit for money damages. *See McGee v. Corizon,* 831 F. App'x 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983").

In his response, Plaintiff argues that his case should not be dismissed because he was "taken advantage of" while in custody. (Doc. 4, at 1.) He claims he was trying to get paperwork done "through the penal system" so he would be released on time. *Id*. He claims that his jail time was not added correctly and he "was given no disregard through the procedures of [his] rights." *Id*. Plaintiff argues that it is only fair to consider the lost time and extra days he served because of the error. *Id*.

Plaintiff has failed to show good cause why his claims should not be barred by the statute of limitations. "It is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 and *Bivens* claims." *Herrera-Zamora v. Crosby*, 769 F. App'x 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (§ 1983); *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens*)). The Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). The tolling or suspension is set forth in Kansas Supreme Court ("KSC") Administrative Order 2020-PR-016, as amended by KSC

Administrative Order 2020-PR-32. KSC Administrative Order 2021-PR-020 reinstated the statute of limitations effective April 15, 2021, and instructs that "for a deadline or time limitation that did not begin to run'" because of the earlier suspension, "'a person shall have the full period provided by law to comply with the deadline or time limitation.'" *See id.* Even considering the KSC's suspension or tolling, Plaintiff's claims are still untimely.

The Kansas Court of Appeals has suggested in unpublished decisions that the two-year statute of limitations period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 686 (10th Cir. 2019) (unpublished) (citing *McClain v. Roberts*, ––– Kan.App. –––, 304 P.3d 364, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013)); *see also Harris v. Neill*, ––– Kan.App. –––, 216 P.3d 191, 2009 WL 3082642, at *6 (Kan. Ct. App. Sept. 25, 2009) (unpublished)).

Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances. "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing." *Caballero*, 789 F. App'x at 687 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also McClain*, 2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitations period.")).

Plaintiff has provided no basis for statutory or equitable tolling. Plaintiff has failed to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated December 17, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
